IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ORLIN GARCIA,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:09CV694 DAK |

      This matter is before the court on Orlin Garcia's pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The court has carefully reviewed all pertinent matters in this case, including the 2255 Petition and the Government's response to the Petition.

      The court agrees with the United States that Petitioner's counsel was not ineffective, and in any event, the Petitioner was not prejudiced by any ineffective assistance. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). Representation is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A showing of prejudice requires "that

1

counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable," and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 690-94.

In other words, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id*. at 686. For counsel's performance to be deficient, it must be shown that his performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id*. at 687. The standard of review for assessing such competence "must be highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of ineffective assistance of counsel claims." *Id*. at 669.

For all the reasons set forth in the response of the United States, the court finds that Petitioner has failed to meet his burden to establish that his counsel's performance was so deficient that his counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Rather, his counsel performed in accordance with professional norms, and his counsel's actions did not in anyway prejudice Petitioner.

**RULE 11 DENIAL OF CERTIFICATE OF APPEALABILITY[1]**

Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

---

[1] See Rules Governing Section 2255 Proceedings for the United States District Courts.

*United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Thus, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and therefore declines to issue a Certificate of Appealability.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and the court declines to issue a Certificate of Appealability. The Clerk of Court is directed to close this case.

DATED this 29th day of April, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge